In the Matter of the Estate of JOSEPHINE R. SIMONDS, Deceased.— Appeal from a decree of the Rensselaer County Surrogate's Court, entered August 11, 1939, denying petitioner's application to revoke letters testamentary issued to James W. Smith on the estate of Josephine R. Simonds, and also denying petitioner's application for the probate of an alleged holographic will of Josephine R. Simonds. Decedent died April 12, 1938, at the age of seventy-eight years, leaving surviving her son, the petitioner in this proceeding. A will prepared under decedent's direction, dated April 21, 1934, was admitted to probate on April 19, 1938. Petitioner signed a waiver in which he consented to the probate of such will. It is admitted that the day following his mother's death petitioner found among her papers the alleged holographic will. Under the will as probated petitioner is the beneficiary of a trust fund for his life with power to invade the principal for his benefit. Under the holographic will he is the sole beneficiary. After the probate of the will now in force the executor took proceedings to mortgage certain real property for the payment of debts. Petitioner was notified of this application but made no objection. Later the executor filed his account. On the 7th day of February, 1939, petitioner presented to the Surrogate's Court an application for the revocation of the letters testamentary issued to the executor. In such application he also asked for the probate of the holographic will. Upon the trial petitioner called two persons who signed the holographic will as witnesses. In the direct testimony of one of them she said she signed the instrument but remembered nothing further about it, and that testatrix at the time of its execution made no statement as to the contents of the paper and did not acknowledge her signature and the witness said she did not know what she was signing. The other witness admitted her signature but said that when she signed the paper there was nothing on it except decedent's signature. A week later the first witness was recalled and she then testified that her recollection had been refreshed in the meanwhile but was unable to explain how it was refreshed. She then testified that decedent signed the will in her presence and in the presence of the other subscribing witness. She admitted that petitioner had called upon her three times in the week intervening the date when she first testified and the testimony on the second occasion. There is testimony in the record indicating that petitioner had attempted to have the other subscribing witness to the holographic will change her testimony. The surrogate found that the holographic will was not properly executed and refused to admit it to probate. The evidence sustains his determination. Decree unanimously affirmed, with costs to all parties filing briefs, payable out of the estate. Present — Hill, P. J., Bliss, Heffernan, Schenck and Foster, JJ.